**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL GONZALES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:14 CV 2104 MTS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon movant Samuel Gonzales's "Motion for Relief From Judgment Under Rule 60(b)(6)." Doc. [15]. The government has filed a response opposing the motion, and the matter is now ripe for disposition. For the reasons explained below, the motion will be denied.

### Background

In the matter *United States v. Samuel Gonzales,* No. 4:13-CR-353-CEJ (E.D. Mo. 2013), movant pleaded guilty to production of child pornography and attempted receipt of child pornography. On February 13, 2014, he was sentenced to terms of incarceration on each count for a total of 600 months' imprisonment. Movant's federal sentences were ordered to run concurrently with the sentence imposed in a related Missouri State criminal case, and movant was also sentenced to a lifetime of supervised release following incarceration. Movant's federal convictions and sentences were affirmed on appeal. At present, he is in the custody of the Missouri Department of Corrections, and is incarcerated at the South Central Correctional Center.

Movant initiated the case at bar on December 22, 2014, by filing an informal letter in his

criminal case in which he stated he had health issues, was remorseful, and would like his federal sentences to run concurrently. The Court liberally construed the letter as an attempt to seek relief pursuant to 28 U.S.C. § 2255, and on January 9, 2015, entered an order giving movant the opportunity to file an amended motion to clearly set forth his claims. In that order, the Court cautioned movant that his failure to timely comply would result in the dismissal of his case.

On February 12, 2015, after movant neither complied with the order nor sought additional time to do so, the Court dismissed the case. A post-dismissal amended motion docketed on February 13, 2015, was stricken from the record as untimely. Movant took no further action in this case until more than six years later, when he began submitting letters to the Court. He filed the instant motion on November 19, 2021, more than six years and nine months after his case was dismissed.

In the instant motion, movant complains that he sent an amended motion to vacate to the Court, but the stamps on the envelope were not canceled and the envelope was not postmarked, leaving him with no means to prove timely filing. Movant admits that when he prepared the amended motion to vacate, he did not indicate the date on which he placed it into the prison's mailing system. He avers he "should have been able to argue equitable tolling," but at the time he thought he could not do so because of the lack of a postmark and cancelled stamps. Doc. [15] at 3. Movant writes: ". . . the burden for noticing the lack of cancelled stamps and a postmark on the envelope his original § 2255 petition was sent in should be on the clerk and by extension this court. A pro se litigant should not have to bear the burden for failing to realize the possible significance of this." *Id.* at 4. Movant concludes the foregoing amounts to "extraordinary circumstances" warranting relief.

In response, the government contends the motion should be denied as untimely, and

alternately contends it should be denied because it fails to establish entitlement to relief on any of the bases set forth in Rule 60(b). Movant did not reply to the government's response, and the time for doing so has now passed. As explained below, the Court finds the government's arguments are well-taken, and will deny the motion.

### Discussion

The Court has considered whether the motion amounts to a second or successive collateral attack under 28 U.S.C. § 2255, and concludes it does not. Movant filed the motion to challenge a February 2015 ruling that dismissed his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and precluded a merits determination. Movant asserts nothing that can be construed as an attempt to attack his underlying convictions or sentences. The motion is therefore properly characterized as a Rule 60(b) motion. *See Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (noting the distinction between a motion that contains a "claim" and is therefore properly characterized as a second or successive habeas corpus application, and a jurisdictionally-proper Rule 60(b) motion that challenges a previous ruling that precluded a merits determination).

The Court now considers whether movant has established an entitlement to relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) can be used to attack a "defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby,* 545 U.S. 524, 532-33 (2005).  It provides, in relevant part, that courts "may relieve a party ... from a final judgment, order, or proceeding for" reasons including "(1) mistake, inadvertence, surprise, or excusable neglect, ... (2) newly discovered evidence ... (3) fraud ... or ... (6) any other reason that justifies relief."  The motion must be made "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.

3

R. Civ. P. 60(c)(1). What constitutes a "reasonable time" depends upon the particular facts of the case. *Middleton v. McDonald,* 388 F.3d 614, 617 (8th Cir. 2004).

As the government contends, the instant motion is untimely. To the extent movant seeks relief pursuant to Rule 60(b)(1)-(3), the motion is untimely because it was filed well beyond the one-year time limit. *See* Fed. R. Civ. P. 60(c)(1). To the extent movant seeks relief under Rule 60(b)(6), the motion is untimely because he did not file it "within a reasonable time." *Id*. Movant does not explain why it took him well over six years to file the motion, and the Court can discern no mitigating circumstances that would justify the delay. The Court therefore concludes that the motion is untimely, and should be denied as such.

Even if the motion could be deemed timely filed, movant's averments would not establish entitlement to relief. While movant complains that the lack of a postmark and cancelled stamps left him unable to demonstrate timely filing of his amended motion to vacate, he does not argue that he actually complied with the Court's January 9, 2015 order. Movant also fails to show that a member of court staff or the Court itself made a mistake, or was neglectful. Finally, movant fails to demonstrate relief under the catchall provision – Rule 60(b)(6) – which permits courts to reopen a judgment for "any other reason that justifies relief." Relief under Rule 60(b)(6) is available only in "extraordinary circumstances," which will "rarely occur in the habeas context." *Gonzales,* 545 U.S. at 535. As noted above, movant does not assert that he in fact complied with the Court's January 9, 2015 order, and there is nothing extraordinary about a missed deadline or the lack of a postmark and cancelled stamps.

Accordingly,

**IT IS HEREBY ORDERED** that movant Samuel Gonzales's "Motion for Relief From Judgment Under Rule 60(b)(6)," Doc. [15] is **DENIED**.

4

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 27th day of January, 2022.

                                                    MATTHEW T. SCHELP  
                                                    UNITED STATES DISTRICT JUDGE